JUDGE CASTEL

S:\FILES\5295_MSI(SHARP)-ROADWAY\LEGAL+DISCOVERY\5295_COMPLAINT.DOC

KENNEDY LILLIS SCHMIDT & ENGLISH
Charles E. Schmidt (CS8669)
Michael P. Hartman (MH8993)
75 Maiden Lane – Suite 402
New York, N.Y. 10038-4816
Telephone:  212-430-0800
Telecopier:  212-430-0810
Attorneys for Plaintiff
MITSUI SUMITOMO INSURANCE CO., LTD.



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————————
                                        )
MITSUI SUMITOMO INSURANCE CO., LTD.,     )
                                        )
                    Plaintiff,           )
                                        )
              - v. -                     )        COMPLAINT
                                        )
ROADWAY EXPRESS, INC.,                   )
                                        )
                    Defendant.           )
                                        )
                                        )
———————————————————————————

        Plaintiff, Mitsui Sumitomo Insurance Co., Ltd., by its
attorneys, Kennedy Lillis Schmidt & English, complaining of the
defendant, alleges on information and belief as follows:

## INTRODUCTION

        1.    This is an action for breach of contract of car-
riage and duties as a common and/or contract motor carrier and
negligence for loss of 70 units of LC37D40U televisions trans-
ported subject to bill of lading no. 431-231272-1 that were
shipped on or about June 29, 2006, for delivery at AAFES ATLANTA
GEN MER #516, PO DRAWER W-W BLDG. 16, 4700 N. 15th Street, Ft.
Gillem, Forest Park, GA 30297 (hereinafter the "Shipment").

1

PARTIES

2.    Plaintiff Mitsui Sumitomo Insurance Co., Ltd. (hereinafter "Mitsui"), is a corporation organized and existing under and by virtue of the law of the Kingdom of Japan with an office and place of business at 560 Lexington Avenue, 20th Floor, New York, New York 10022-6828.

3.    Plaintiff Mitsui was and is the subrogated cargo underwriter of Sharp Electronics Corporation (hereinafter "Sharp"), the shipper and owner of the Shipment which is the subject of this Complaint.

4.    Plaintiff Mitsui brings this action on its own behalf and as agent or trustee on behalf of all having an interest in the Shipment.

5.    Defendant Roadway Express, Inc. (hereinafter "Roadway") is a Delaware corporation with an office and place of business at Overland, Kansas and with a registered agent for service of process located at 111 Eighth Avenue, New York, New York 10011.

6.    Roadway is registered with the United States Department of Transportation as an interstate carrier, is assigned U.S.D.O.T. number 71821 and MC number 002202, and operates in New York and all of the 48 contiguous United States.

7.   Roadway is an interstate motor carrier which transported the Shipment and is the issuer of a bill of lading pursuant to which the Shipment was carried, or transported the Shipment pursuant to a bill of lading, and was/is the delivering carrier of the Shipment.

## JURISDICTION

8.   This action involves interstate transportation by motor carrier.  This honorable Court has jurisdiction pursuant to 49 U.S.C. § 14706 (the "Carmack Amendment"), and 28 U.S.C. 1337 and/or 28 USC 1332.

## BACKGROUND

9.   On or about June 29, 2006, Roadway, in consideration of certain agreed freight charges, picked-up, received and accepted the Shipment in good order and condition and without exceptions for transportation to AAFES ATLANTA GEN MER #516, PO DRAWER W-W BLDG. 16, 4700 N. 15th Street, Ft. Gillem, Forest Park, GA 30297.

10.  Mitsui's subrogor, Sharp instructed Roadway to transport and handle the Shipment.

11.  Roadway, in consideration of certain agreed freight charges, transported the Shipment subject to lading/waybill/pro. no.  431-231272-1.

12.  On or about July 3, 2006, the Shipment arrived at its destination, the trailer was opened and unstuffed and 17 television units were missing.

13.  The consignee refused delivery of 53 of the 88 remaining televisions and Sharp authorized and directed Roadway to return the refused televisions to Sharp at McAllen, Texas.

14.  Roadway failed to deliver the 53 refused televisions to Sharp.

15.  Sharp presented a claim for loss of the 70 lost televisions to Roadway on February 28, 2007 in the amount of $110,995.50.

16.  On or about March 25, 2008, defendant Roadway declined plaintiff's claim for damage to the Shipment and has refused to pay for the damage although duly demanded.

FIRST CAUSE OF ACTION (BREACH OF CONTRACT)

17.  Paragraphs 1 through 13 are incorporated by reference as though fully set forth at length herein.

18.  Defendant, as motor carrier of merchandise for hire and pursuant to its contract of carriage and Bill of Lading, had duties to transport, handle, carry, keep, care for, discharge and deliver the Shipment in good order and condition.

19.  Defendant breached its contract of carriage, Bill of Lading, and duties as a motor carrier of merchandise for hire

4

by failing to deliver the Shipment in like condition as received and in failing to transport the Shipment via air-ride truck as instructed.

20.  As a direct and proximate cause of their breach of their contract of carriage, Bill of Lading, and duties as a motor carrier of merchandise, defendant has caused plaintiff to sustain damages, as nearly can now be determined, no part of which has been paid although duly demanded, in the sum of $82,789.30.

WHEREFORE plaintiff demands judgment in its favor and against defendant Roadway in the sum of $82,789.30, plus interest, costs, disbursements, attorneys fees and such other and further relief as this Court may deem just and proper.

## SECOND CAUSE OF ACTION (NEGLIGENCE)

21.  Paragraphs 1 through 17 are incorporated by reference as though fully set forth at length herein.

22.  Defendants, as motor common and/or contract carriers of merchandise for hire, had duties to transport, handle, carry, keep, care for, discharge and deliver the Shipment in good order and condition.

23.  Defendants breached their duties as motor common and/or contract carriers by failing to transport, handle, carry, keep, care for and deliver the shipment in like condition as received.

24.  As a direct and proximate cause of Defendants' negligence, plaintiff has sustained damages, as nearly can now be determined, no party of which has been paid although duly demanded, in the sum of $82,789.30.

WHEREFORE, Plaintiff demands judgment in its favor and against Defendants in the sum of $82,789.30, plus interest, costs, disbursements, attorneys fees and such other and further relief as this Court may deem just and proper.

Dated:  New York, New York        KENNEDY LILLIS SCHMIDT & ENGLISH
        June 25, 2008              Attorneys for Plaintiff
                                   MITSUI SUMITOMO INSURANCE CO.,
                                    LTD.

                            By: _____
                                   Michael P. Hartman (MH8993)
                                   75 Maiden Lane - Suite 402
                                   New York, New York  10038-4816
                                   Telephone:  212-430-0800