IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MITSUI SUMITOMO INS. CO., LTD., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.                                    ) | Case No. 08 CV 5700 |
| ) | |
| ROADWAY EXPRESS, INC., et al.,   ) | |
| ) | |
| Defendants.            ) | |

<u>**BRIEF OF DEFENDANT ROADWAY EXPRESS, INC
IN SUPPORT OF MOTION TO DISMISS**</u>

I.   **FACTS AND BACKGROUND**

This action arises out of the transportation by Defendant Roadway Express, Inc. ("Roadway") of 105 televisions from Memphis, Tennessee to Forest Park, Georgia for Sharp Electronics Corporation ("Sharp"), the insured of Plaintiff Mitsui Sumitomo Insurance Co. Ltd. (hereinafter "Plaintiff"). (Plaintiff's Complaint ¶10.) Plaintiff alleges that when the televisions were delivered in Forest Park, Georgia, seventeen (17) televisions were missing; that the consignee refused delivery of 53 of the 88 remaining televisions; and that Roadway failed to return the 53 rejected televisions to Sharp. (Plaintiff's Complaint ¶¶ 12, 13 and 14.) Although Plaintiff alleges that this Court has jurisdiction under 49 U.S.C. § 14706 (the "Carmack Amendment"), which it does, Plaintiff has asserted state common-law or federal common-law causes of action against Roadway which are completely preempted by the Carmack Amendment. Additionally, Plaintiff contends that not only is it entitled to compensatory damages of $82,789.30, but that it is also entitled to interest, costs, disbursements and attorneys fees, which as set forth below are not recoverable in a Carmack Amendment case. (Plaintiff's Complaint ¶ 8 and Prayer for Relief.)

1

On June 25, 2008, Plaintiff filed its Complaint in the United States District Court for the Southern District of New York. Roadway was served with the Summons and Complaint on July 8, 2008. As such, Roadway timely filed its Motion to Dismiss with this Court on July 28, 2008.

Plaintiff's Complaint alleges two causes of action: 1) Breach of Contract (Plaintiff's Complaint ¶¶ 17-20); and 2) Negligence. (Plaintiff's Complaint ¶¶ 21-24.) Plaintiff's Complaint, however, fails to state a claim upon which relief can be granted. Both of the claims or causes of action are based on state common-law or federal common-law and, as such, both of Plaintiff's claims are subject to complete federal preemption by the Carmack Amendment. For the reasons set forth below, this Court should find as a matter of law that the Carmack Amendment preempts plaintiff's state-law and common-law claims and dismiss the Complaint against Roadway for failure to state a claim upon which relief can be granted.

## II. ARGUMENTS AND AUTHORITIES

### a. Standard Of Review

This Motion to Dismiss is made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Rule 12(b)(6) permits the dismissal of a complaint for failure to state a claim upon which relief can be granted.

A plaintiff's complaint should be dismissed under Rule 12(b)(6) if it appears beyond a doubt that the plaintiff can prove no set of facts that would entitle him to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In deciding whether a plaintiff's complaint fails to state a claim upon which relief can be granted, the court must accept as true all factual allegations and all inferences reasonably drawn from those allegations, and construe the complaint in the light most favorable to the plaintiff. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164 (1993); *Warth v. Seldin*, 422 U.S. 490, 501 (1975) (citing *Jenkins v. McKeithen*, 395 U.S. 411, 421-22 (1969)).

### b. *This Court Should Dismiss Plaintiff's Complaint Because Plaintiff's State Common-Law or Federal Common-Law Claims Are Completely Preempted By The Carmack Amendment*

This Court should dismiss the Complaint because the Carmack Amendment completely preempts plaintiff's state common-law or federal common-law causes of action in this field. Decisions of the Second Circuit and District Courts in the Second Circuit support this result. *See, e.g., North American Phillips Corp. v. Emery Air Freight Corp.*, 579 F.2d 229, 234 (2d Cir. 1978); *Cleveland v. Beltman North American Co., Inc.*, 30 F.3d 373, 379-381 (2d Cir. 2004) ("Congress has occupied the field of interstate transportation. There is no room for development of supplemental federal common law remedies."); *Materazzi v. Atlas Van Lines, Inc.*, 180 F.Supp.2d 408, 410 (E.D.N.Y. 2001) (citations omitted) (stating that the "Second Circuit has previously held that the Carmack Amendment fully occupies its particular field and thus completely preempts state common law."); *Ash v. Artpack Int'l, Inc.*, 1998 WL 132932, at *4 (S.D.N.Y. Mar. 23, 1998).

Further, Carmack Amendment preemption of state law claims dates back to *Adams Express v. Croninger*, 226 U.S. 491, 505-506 (1913), where the U.S. Supreme Court held that the provisions of the Interstate Commerce Act (the predecessor to the Interstate Commerce Commission Termination Act "ICCTA") supersede all the regulations and policies of a particular state and govern exclusively the liability of a carrier issuing a bill of lading for interstate transportation. When Congress acted in this manner, the regulating power of the state ceased to exist. *Id.* In *Adams Express*, the Supreme Court held:

> Almost every detail of the subject is covered so completely that there can be no rational doubt that Congress intended to take possession of the subject and supersede all state regulations with reference to it. . . . But it has been argued that the non-exclusive character of this regulation is manifested by the proviso of the section, and that state legislation upon the same subject is not superseded, and

3

>    that the holder of any such bill of lading may resort to any
>    right of action against such a carrier, conferred by existing
>    state law. This view is untenable. It would result in the
>    nullification of the regulation of a national subject, and
>    operate to maintain the confusion of the diverse regulation
>    which it was the purpose of Congress to put an end to.

*Id.* at 505-506.

The U.S. Supreme Court has steadfastly maintained the sweeping, comprehensive scope of Carmack Amendment preemption and uniformity of treatment, regardless of state laws. *See, e.g., Thurston Motor Lines, Inc. v. Jordan K. Rand, Ltd.*, 460 U.S. 533, 535 (1983), *quoting Louisville & Nashville R. Co. v. Rice*, 247 U.S. 201, 203 (1918) ("'As to interstate shipments, . . . the parties are held to the responsibilities imposed by the federal law, to the exclusion of all other rules of obligation.'"); *New York, N.H. & H.R. Co. v. Nothnagle*, 346 U.S. 128, 131 (1953); *Atchison T. & S.F. Ry. v. Harold*, 241 U.S. 371, 378 (1916).

Finally, jurisdictions throughout the United States have followed the U.S. Supreme Court's mandate and have held that the Carmack Amendment's broad scope preempts all state law claims whether expressly in contradiction of or in addition to Carmack Amendment remedies. *See, e.g., Intech, Inc. v. Consolidated Freightways, Inc.*, 836 F.2d 672, 677 (1st Cir. 1987) ("[T]he Carmack Amendment provides the exclusive remedy" for "an action for damages against the delivering carrier"); *Hughes v. United Van Lines*, 829 F.2d 1407, 1415 (7th Cir. 1987) ("[W]e hold that the remedy provision of the Carmack Amendment preempts all state and common law remedies inconsistent with the Interstate Commerce Act . . ."); *Air Products and Chemicals, Inc. v. Ill. Cent. Gulf R.R. Co.*, 721 F.2d 483, 486 (5th Cir. 1983) ("[A] purpose [of the Carmack Amendment] was to substitute a paramount and uniform national law as to the rights and liabilities of interstate carriers subject to the Amendment."), *cert denied* 469 U.S. 832 (1984); *Shao v. Link Cargo (Taiwan) Limited*, 986 F.2d 700, 706-707 (4th Cir. 1993) ("[I]f the

Interstate Commerce Commission had jurisdiction over the shipment in this case, Shao's common law claims are preempted by the Carmack Amendment."); *Underwriters at Lloyds of London v. North American Van Lines*, 890 F.2d 1112, 1120 (10th Cir. 1989) ("[T]he Carmack Amendment preempts state common law remedies against a carrier for negligent damage to goods shipped under a proper bill of lading."); *Hughes Aircraft v. North American Van Lines*, 970 F.2d 609, 613 (9th Cir. 1992) ("Hughes [the shipper] wisely conceded that federal law preempts any state common law action against . . . a common carrier."); *Moffit v. Bekins Van Lines Co.*, 6 F.3d 305 (5th Cir. 1993) ("Congress intended by the Carmack Amendment to provide a uniform national remedy against carriers for breach of contract of carriage, including liability for default in any common-law duty as a common carrier"); *Rini v. United Van Lines, Inc.*, 104 F. 3d 502 (1st Cir. 1997), *cert. denied* 522 U.S. 809, 118 S. Ct. 51 (1997) (the sweeping breadth of Carmack Amendment preemption of state law claims, includes even preemption of state consumer fraud claims); *Ward v. Allied Van Lines, Inc.*, 231 F.3d 135, 138 (4th Cir. 2000) ("the Carmack Amendment preempts a shipper's state and common law claims against a carrier for loss or damage to goods during shipment."); *Smith v. United Parcel Service*, 296 F.3d 1244, 1249 (11th Cir. 2002) (holding that the scope of the Carmack Amendment preempts all state law claims related to any conduct involving the transportation and delivery of goods).

In light of the above, there is no doubt on the governing law. Plaintiff's state common-law and federal common-law causes of action clearly are preempted by the Carmack Amendment. The Carmack Amendment also preempts all claims that exceed the amount of the loss or injury to the goods. Claims for attorneys' fees are also not recoverable in a Carmack Amendment case. *See, e.g., Accura Systems, Inc. v. Watkins Motor Lines, Inc.*, 98 F.3d 874, 875 (5th Cir. 1996) ("[A]ttorney's fees authorized by state law are not recoverable in Carmack

Amendment actions."); *Knight Transp., Inc. v. Westinghouse Digital Electronics*, LLC, 2008 WL 194739, at *1 (N.D. Tex. January 22, 2008).

### c. *Conclusion*

The Carmack Amendment, 49 U.S.C. § 14706, preempts all state common-law and federal common-law claims arising out of the interstate or foreign transportation of goods by a motor carrier. Plaintiff has not alleged any other causes of action against Roadway and, therefore, the Complaint should be dismissed in its entirety, with prejudice, as a matter of law.

Respectfully submitted,

NOWELL AMOROSO KLEIN BIERMAN, P.A.

/s/ *Thomas C. Martin*
Thomas Martin
Nowell Amoroso Klein Bierman, P.A.
140 Broadway
New York, NY 10005
(212)858-7710
           -and-
155 Polifly Road
Hackensack, New Jersey 07601
Telephone:   (201) 343-5001
Facsimile:    (201) 343-5181
E-mail: tmartin@nakblaw.com
*Attorneys for Defendant Roadway Express, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served via mail and ECF/CM this 28th day of July, 2007, upon:

Michael P. Hartman
KENNEDY LILLIS SCHMIDT & ENGLISH
75 Maiden Lane – Suite 402
New York, New York 10038-4816
Telephone: (212) 430-0800

*Attorney for Plaintiff*
*Mitsui Sumitomo Ins. Co., Ltd.*

/s/Thomas C. Martin
Attorney